# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

ANGEL MARINEZ ORTIZ,

      Petitioner,

    v.

WARDEN, FOLKSTON ICE PROCESSING
CENTER, et al.,

      Respondents.

5:26-cv-149

## ORDER

Petitioner filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus that raises the same claim and seeks the same relief as the Petitioners in the Villa consolidated cases, Case Number 5:25-cv-89. The Court directed service of the Petition and directed Respondent to show cause why this Petitioner is not entitled to the same relief as the Villa consolidated Petitioners. The Warden-Respondent has filed his Response. The Warden-Respondent acknowledges that Petitioner raises a challenge similar to the Villa Petitioners' claims and concedes that, if the Court adheres to the reasoning in Villa, the same reasoning controls the outcome in this case. The Warden-Respondent reserves all rights, including the right to appeal, and provides the Court with an abbreviated response to the Petition. If the Court grants this

Petition, the Warden-Respondent asks for seven (7) days to arrange an individualized bond hearing.

The Court finds that Petitioner asserts a claim that is essentially identical to the claim in Villa, and the reasoning in Villa applies with equal force here. Petitioner falls in the category of those detainees who have been improperly detained under 8 U.S.C. § 1225(b)(2)(A) based on the Board of Immigration Appeals' ("BIA") decision in Matter of Yajure Hurtado. Petitioner is, however, subject to discretionary detention under 8 U.S.C. § 1226(a). Therefore, Petitioner is entitled to an individualized bond hearing. The Court **GRANTS in part** Petitioner's § 2241 Petition and **ORDERS** the Warden-Respondent to provide Petitioner with a bond hearing, as § 1226(a) requires, within seven (7) days of this Order.[1] The Court **DIRECTS** the Warden-Respondent to comply with the immigration judge's conclusions in that bond hearing.

To the extent Petitioner asserts any additional claims, the Court declines to address those claims. It appears that Petitioner is entitled to all the relief he requests based on the reasoning set forth in Villa, such that consideration of other claims or arguments is unnecessary at this time. The Court **DIRECTS** the Clerk

---

[1]  If this Petitioner was previously granted a bond by an immigration judge after an individualized bond hearing, and Petitioner's circumstances have not changed in any material way, Respondent shall release Petitioner subject to the prior bond without the need for any new bond hearing.

of Court to **CLOSE** this civil action and enter the appropriate judgment.

    **SO ORDERED**, this _12_ day of February, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3